JUSTICE RICE
specially concurring:
¶55 I concur with the Court’s decision herein, and with much of its rationale, particularly the explanation provided in ¶ 46 of what must be revealed or demonstrated by the information obtained to corroborate the original tip in order to establish probable cause. Clearly, under this explanation, the informant’s tip need not be corroborated by independent evidence of criminal activity. To the contrary, corroboration may be achieved by evidence that would otherwise appear innocent, but for its proximity to or appearance within the demesne of the suspected criminal activity, as explained by the Court in ¶ 50. To that extent, then, the District Court erred in reasoning that the police investigation was insufficient because it “did not corroborate any criminal activity.” It need not do so, and the State has prudently brought the District Court’s ruling before this Court for review.
¶56 The Court’s reliance on State v. Reesman, 2000 MT 243, 301 Mont. 408, 10 P.3d 83, is the juncture at which I diverge from the opinion. I believe Reesman was erroneously decided and cannot endorse its holding. While it is inappropriate to offer a dissent to Reesman within the context of this case, the Court’s heavy reliance on that opinion *380 warrants brief comment.
¶57 Reesman’s framework for analyzing the sufficiency of an informant’s statement is very helpful. However, as the Reesman Court acknowledged, judging probable cause under the longstanding totality of the circumstances standard is not a rigid process amenable to the use of specific tests. “[Pjrobable cause is a fluid concept-turning on the assessment of probabilities in particular factual contexts-not readily, or even usefully, reduced to a neat set of legal rules.” Illinois v. Gates (1983), 462 U.S. 213, 232, 103 S.Ct. 2317, 2329, 76 L.Ed.2d 527, 544. By definition, there cannot be a precise recipe for Mulligan Stew.
¶58 Despite its awareness of this principle, the Reesman Court proceeded, improperly in my view, to restrict the character or type of evidence which may be used to establish probable cause. The Court held that corroboration of an informant’s tip must be established strictly by original police investigation, and that the independent report of the same criminal activity from a private individual who had previously provided reliable information to police “offers no corroboration value to the warrant application ....” Reesman, ¶ 47. I cannot agree with these conclusions. Although the Reesman Court did not explain its holding to be a narrowing of the totality of the circumstances standard, I cannot read it otherwise.
¶59 The issue of a secondary citizen informant which the Court considered in Reesman is not present in this matter. Here, police investigation revealed that Griggs had made a statement to an officer regarding steroid and marijuana use some eight months prior to the informant’s report. The State argues that the earlier statement was consistent with the informant’s report that Griggs was growing psilocybin mushrooms to trade for marijuana, and thus provided proper corroboration. However, the earlier statement simply did not enhance the reported time, place, nature or method of the suspected criminal activity. While the statement may have been consistent with, and corroborative of, Griggs’ expressed motive, it did not justify issuance of a search warrant for Griggs’ home. For that reason, I agree that the District Court’s suppression of the evidence obtained by the warrant must be affirmed.